IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREA YOUNG, :
:
       Plaintiff : NO. 3:09-CV-2127
:
   vs. : HON. EDWIN M. KOSIK
:
PENNSYLVANIA STATE POLICE, :
et al., :
:
       Defendants :

## MEMORANDUM AND ORDER

Before the court is defendants' motion to dismiss the amended complaint. For the reasons which follow, the motion to dismiss will be granted only to the extent that plaintiff will be directed to file an amended complaint.

## **BACKGROUND**

Plaintiff, Andrea Young, filed a civil rights complaint against several Pennsylvania State Police defendants arising out of her employment as a State Trooper on October 31, 2009. On February 25, 2010, defendants filed a motion to dismiss and a brief in support thereof. (Docs. 11 & 12). After several procedural matters, including an unsuccessful mediation occurred, plaintiff filed an amended complaint on May 25, 2010. (Doc. 23). Defendants filed a motion to dismiss the amended complaint and brief in support thereof on June 8, 2010. (Docs. 25 & 26). Thereafter, two stays were issued by the court in anticipation of plaintiff filing a second amended complaint. (Docs. 29 & 31). On September 21, 2010, plaintiff filed a motion for leave to file a second amended complaint. (Doc. 32). Because plaintiff failed to file a brief in support of the motion pursuant to Local Rule 7.5, the motion was deemed withdrawn. (Doc. 33).

On November 22, 2010, plaintiff filed a new civil action, 10-CV-2415, against the State

Police defendants.[1] This new action was based on Title VII and involved the same course of conduct that was alleged in 09-CV-2127.[2] Because of the related nature of the two actions, this court consolidated the two actions on December 6, 2010. (Doc. 34). Specifically, we closed civil action 10-CV-2415, and directed all future pleadings be filed to 09-CV-2127 only.

**DISCUSSION**

The defendants' motion to dismiss the amended complaint (Doc. 25) is still outstanding. In support of the motion to dismiss, defendants argue that plaintiffs complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendants argue that the amended complaint is redundant, unduly long and incapable of a reasonable response. A review of plaintiff's amended complaint (Doc. 23) shows that the amended complaint is eighty (80) pages long and contains three hundred eighty (380) allegations.[3] Plaintiff's complaint filed in 10-CV-2415 is twenty-eight (28) pages long and contains one hundred twenty-seven (127) allegations.

The notice pleading provisions of Rule 8 of the Federal Rules of Civil Procedure places the emphasis on clarity and brevity in federal pleadings. See, In Re Westinghouse Securities Litigation, 90 F.3d 696, 702-03 (3d Cir. 1996). Based on this court's extensive experience dealing with discrimination cases, we agree with defendants that the amended complaint fails to

---

[1] We note that all defendants named in the second action are named in the first action, except for Christopher Blugis.

[2] The conduct alleged in the new action was the basis for plaintiff's request to file a second amended complaint on September 21, 2010. (Doc. 32.)

[3] We note that plaintiff's proposed second amended complaint (Doc. 32, Exhibit 1) is seventy-two (72) pages long and contains two hundred eighty-four (284) allegations.

2

comport with the intent of Rule 8. Moreover, because we have consolidated this action with 10-CV-2415, there is another complaint which will require a response by defendants.

In the interest of prudent case management, we will direct plaintiff to streamline and reorganize the amended complaint (Doc. 23) in case 09-CV-2127 and the complaint originally filed in 10-CV-2415 (Doc. 1), and to file a single complaint that raises all claims against the defendants and that complies with the pleading requirements of Rule 8, which requires "a short and plain" statement of her claims.

Additionally, in the motion to dismiss the amended complaint, defendants raise several additional arguments which arise out of the current status of the pleadings. We will decline to address these issues at this time in the interest of judicial economy. After plaintiff has filed a single complaint, defendants will have an opportunity to file a responsive pleading and may reassert any issues that are deemed relevant.

ACCORDINGLY, this 10th day of December, 2010, IT IS HEREBY ORDERED THAT:

(1) The defendant's motion to dismiss the amended complaint (Doc. 25) is granted only to the extent that plaintiff is directed to file an amended complaint; and

(2) Plaintiff is directed to file a single amended complaint incorporating all claims raised in actions 09-CV-2127 and 10-CV-2415, which complies with Fed.R.Civ.P. 8 and with the directives outlined in this Memorandum within thirty (30) days from the date of this Order.

/s/ Edwin M. Kosik

Edwin M. Kosik
United States District Judge