**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDREA YOUNG, : | |
|     Plaintiff : | |
| v. : | Civil Action Numbers |
| : | 3:09-cv-2127 |
| PENNSYLVANIA STATE POLICE : | |
| ET AL. : | 3:10-cv-02415 |
| : | (Kosik, J.) |
|     Defendants. : | *Electronically filed* |
| : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Andrea Young (hereinafter "Ms. Young"), through counsel, files this Brief in Opposition to Defendants' Motion to Dismiss the Amended Complaint as follows:

**I.   COUNTER STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On October 31, 2009, Ms. Young, an experienced, female State Trooper who was denied a promotion after ranking 6th out of more than 2,000 test takers and subsequently court martialed after filing a discrimination complaint, initiated the action in case 3:09-cv-2127 ("Case

One"). (Doc. 1, No. 3:09-cv-2127).[1] The parties filed a Joint Case Management Plan, met with Judge Vanaskie in March 2010, unsuccessfully mediated the case in May 2010, and Plaintiff filed an Amended Complaint in June 2010. (Doc. 23). As of February 2010 or earlier, Defendants were aware that Plaintiff intended to amend her complaint to "include discrimination and retaliation claims currently pending" before the PHRC. (JCMP, Doc. 13 at 1.7). Document 23 did not include those pending PHRC claims as a Second Right to Sue letter was not received until September 2010, and the state PHRA claims could not be brought until after November 18, 2010. (See e.g., Paragraph 3, Doc. 36).

On November 22, 2010, for various procedural reasons,[2] Plaintiff filed a second action in this Court in case 3:10-cv-02415 ("Case Two").

---

[1] The Case 1 Complaint was filed against the Defendant Pennsylvania State Police (hereinafter "PSP") for Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq*. (hereinafter "Title VII"), violations (events arising from May 2008 until October 2008), under 42 U.S.C. §§ 1983 and 1985 (hereinafter "Section 1983 and 1985"), and for violations of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §951 *et seq*., (hereinafter "PHRA") based on events arising from May 1, 2008 until October 2008).

[2] Despite Plaintiff's attempts to reason with Defendants, citing judicial economy and saving resources, Defendants would not agree to Plaintiff's filing a Second Amended Complaint or a Motion for Reconsideration. Consequently, had briefs been filed, Plaintiff would have lost her federal EEO claims under the Second Right to Sue Letter had not brought a second action in this Court on or about November 22, 2010.

Document 1 in Case Two is a Complaint[3] filed against the PSP for violations of Title VII and against five defendants, individually, for PHRA violations.

On December 10, 2010, this Court *sua sponte* consolidated Cases 1 and 2. On December 10, 2010, this Court directed plaintiff to "streamline and reorganize the amended complaint (Doc. 23) in case 09-cv-2127 and the complaint originally filed in 10-cv-2415 (Doc 1), and to file a single complaint that raises all claims against the defendants and that complies with the pleading requirements of Rule 8, which requires 'a short and plain' statement of her claims." (Doc. 35 at 2-3).

In compliance with this Court's Order, Plaintiff filed an Amended Complaint (hereinafter "Document 36"). (Doc. 36). Thereafter, Defendants filed the instant Motion to Dismiss/Strike, again essentially claiming the complaint is "overly verbose." (Doc. 37 and 38).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to minimally contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Nothing in Rule 8(a)(2) limits the number of paragraphs or pages a complaint may be, or the number

---

[3] The Complaint has not yet been served; however, Plaintiff is still within her time limit to effectuate service of process under the Federal Rules of Civil Procedure on the Defendants if service is deemed necessary.

3

of defendants that a complaint may be brought against, nor the number of claims that a complaint may raise. In fact, "Rule 8(a)(2) "must be applied with some logic and common sense. The length of a pleading will depend upon a number of factors, not the least of which is the complexity of the case." *In re Catanella and E.F. Hutton and Co., Inc. Securities Litigation*, 583 F.Supp. 1388, 1401 (E.D. Pa. 1984); *See also Kaufman v. Magrid*, 539 F.Supp. 1088, 1092 (D. Mass. 1981).

Furthermore, the Supreme Court's revision of pleading standards under Rule 8 in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007), requires a plaintiff to plead sufficient facts to raise the right to relief above the speculative level. Claims must be supported by "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). In light of the current state of the law of Rule 8, then, Defendants' contention that Plaintiff has pled too many facts appears particularly inapt.[4]

Rule 8 sets a floor, not a ceiling, and a district court may not impose pleading requirements on a complaint that exceed the floor set by Rule 8,

---

[4] Previously, Defendants argued that there were enough facts in Plaintiff's complaint. Now, they argue that there are too many facts, despite the complaint being significantly shorter, against more defendants, more streamlined, and raising all of plaintiff's claims. *See* Section IV.A *infra* comparing Documents 23, 1, and 36.

4

"[f]or then district courts could impose disparate levels of pleading requirements on different sorts of plaintiffs." *Wynder v. McMahon,* 360 F.3d 73, 78 (2d Cir. 2004). It would be error to make Plaintiff confine her complaint to a certain number of pages, or against a certain number of defendants, or a certain number of paragraphs. *See e.g.*, *Shomo v. New York*, 374 Fed. Appx. 180, 189 (2d Cir. April 22, 2010)(overturning dismissal of complaint)(unpublished).

### III. COUNTER-STATEMENT OF QUESTIONS INVOLVED

Ms. Young`s suggested answers to Defendants` Statement of Questions Involved to Questions 1, 2, and 3 are in the negative.

### IV. ARGUMENT

Despite Defendants' attempts to label Ms. Young's claims as a "routine" employment dispute, the claims presented are complex, spanning from May of 2008 to the present. Ms. Young alleges violations of numerous federal civil rights laws, which are complex in their application. This makes "concise" pleading difficult. *Kaufman*, 539 F.Supp. at 1092 (verbosity and repetition do not, alone, justify dismissal under Rule 8). The adverse actions taken against Ms. Young, a highly qualified female, by the Defendants, many of whom are admitted liars and all of whom are male, have been severe and on-going for over two years. Given the complexity of the action,

Document 36 sufficiently complies with the minimal requirements of Rule 8(a), while at the same time complying with the heightened pleading standard for civil rights claims articulated by the Supreme Court. As such, Defendants' Motion to Dismiss/Strike should be flatly denied and they should be ordered to file an Answer to the Complaint.

A. **Plaintiff's Amended Complaint Is "Streamlined and Reorganized", Raises All Claims Against the Defendants, and Complies with Rule 8.**

As quite distinct from the complaints at issue in *Westinghouse* and U*tracht*, Document 36 is a fraction of their respective lengths. *In Re Westinghouse Securities Litigation*, 90 F.3d 696, 704 (3d Cir. 1996). was relied upon by this Court in its Order. In *Westinghouse*, the Third Circuit upheld the dismissal of a 600 paragraph, 240 page complaint-- a complaint which cannot be compared to Document 36. Furthermore, the case upon which Defendants rely, *Untracht v. Fikri*, 368 F. Supp. 2d 409, 413 (W.D. Pa. 2005), finding a 655 paragraph, 112 page Amended Complaint to violate Rule 8, is equally inapplicable.

Here, Document 36 contains enough specificity to give the Defendants fair notice of Plaintiff's claims, adequately apprises them of Plaintiff's claims, is not unduly burdensome for Defendants to answer. Prior to filing Document 36, Plaintiff relied on thousands of pages of documents, generated from multiple proceedings and from multiple sources, including

6

Pennsylvania State Troopers Association arbitration transcripts[5], unemployment compensation records, two PHRC complaints and investigations, and internal affairs investigations.  Defendants, who have had access to the same documents, and who have two legal departments working on this case, cannot claim that answering Document 36 is unduly burdensome.  Therefore, Document 36 may not be stricken, and Defendants should be ordered to file an Answer.

Defendants, who command the resources of the State and have multiple attorneys working on this case, including the PSP's Chief Counsel's Office, are disingenuous by claiming that answering Document 36 would be unduly burdensome.  Document 36 is the result of boiling down complex evidence into one document sufficient to comply with the conflicting requirements of *Iqbal*, *Twombly* and Rule 8(a).   Only 62 pages and 284 paragraphs, Document 36 has seven counts, and is brought against 15 defendants.[6]  This is sufficiently streamlined and reorganized when compared to Document 23.  In fact, it is 18 pages and almost 100 paragraphs shorter, names an additional

---

[5] Defendants are fully aware that the Pennsylvania State Troopers Association "owns" any grievance filed by it against the Pennsylvania State Police.

[6] Defendants incorrectly state that Document 36 is the "same" as the Second Amended Complaint. Due to exhaustion of administrative remedies, the proposed Second Amended Complaint did not include PHRA claims and would have been longer had those claims been included. (Doc. 38 fn. 1).

defendant, and contains allegations arising out of two separate PHRC complaints and investigations.[7]

In further comparison, Document 1 is 28 pages long, but is only against six defendants, and contains 127 numbered paragraphs (along with subparagraphs), and consists of four counts alleging violations of Title VII and the PHRA. It appears that this Court found Document 1 to comply with Rule 8. (Doc. 35). However, Document 1 did not contain any Section 1983 or 1985 claims, which require more specificity than discrimination claims.[8]

It is therefore, entirely logical, for Document 36--containing three additional counts than Document 1, against eight more defendants than Document 1, spanning actions occurring from May of 2008 through November 2010--to be reasonable. If a 28 page complaint containing 127

---

[7] Document 23 was filed after Plaintiff received her First Right to Sue letter stemming from her First PHRC Complaint filed in October 2008. Plaintiff's First PHRC Complaint was 165 numbered paragraphs and 26 pages long in 12 point, not 14 point font as is required under the Local Rules. (Had the complaint been in 14 point font, it would have been 34 pages long). Defendants filed an Answer to the 165 paragraph PHRC complaint, evidence *against* its argument that it would be unduly burdensome to respond in this Court. Moreover, the PHRC complaint did not include Section 1983 and 1985 claims, and only spanned events occurring until October 2008.

[8] In cases brought under 42 U.S.C. § 1983, the pleading requirements are somewhat stricter than usual. The Court of Appeals "'has consistently demanded that a civil rights complaint contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs.'" *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988) (quotations omitted).

paragraphs against six defendants is reasonable, then a 62 page complaint with 284 paragraphs against 15 defendants, covering two and a half years,[9] and raising Section 1983 and 1985 claims--is equally reasonable.[10]

**B. Applying "Logic and Common Sense", Plaintiff's Complaint Alleging Complex Legal Claims, Including Section 1983 and 1995 Constitutional Violations, Does Not Violate Rule 8(a).**

Document 36 provides defendants with "fair notice" of Ms. Young's claims. *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Ms. Young significantly reduced the numbered paragraphs, matched the constitutional violations with the defendants, described the facts supporting her claims, and the dates on which violations occurred. Defendants are able to discern Ms. Young's claims as evidenced by their brief. *See e.g., Washington v. Grace*, 353 Fed.Appx. 678 (3d Cir. 2009)(overturning district court's dismissal of 80 page civil rights complaint, even though lacking clarity in some places, stating "[w]hile the amended complaint may not be clear in all respects, it is not unintelligible.").

---

[9] The "operative events" span from May 2008 until November 2010, not from May of 2008 to June of 2010, as defendants allege. (See Doc. 38 at 7).

[10] Chief Judge Kane recently ruled on another of undersigned counsel's complaints in *Snyder v. Administrative Office of PA Courts,* 2010 U.S. Dist. LEXIS 114311 (M.D. Pa. Oct. 27, 2010) (denying AOPC's motion to dismiss in pertinent part holding individual state employees can be liable under the FMLA and the PHRA). The *Snyder* Amended Complaint was 66 pages long, against only 6 defendants, and contained 312 numbered paragraphs.

Defendants appear to move to strike the complaint under Rule 12(f) (Doc. 38 at 7), and such motions are generally disfavored. *See Corr. Med. Care, Inc. v. Gray*, No. 07-28040, 2008 U.S. Dist. LEXIS 6596 (E.D. Pa. Jan. 30, 2008); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)("prolixity is … a poor ground for rejecting potentially meritorious claims"). The exercise of the power to strike is reserved for cases where the pleading is "so confused ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Infanti v. Scharpf*, 2008 U.S. Dist. LEXIS 45501, 2008 WL 2397607, at *2, (involving 90 page, 500 paragraph, 100 count complaint with 124 pages of exhibits). Document 36 is not a prolix, unintelligible, speculative, argumentative, rambling, or disjointed complaint and may not be stricken or dismissed in its entirety. *See e.g., Jones v. Nat'l Communications and Surveillance Networks*, 266 Fed. Appx. 31, 32 (2d Cir. Feb. 21, 2008) (involving singled spaced 58 page complaint, with 87 pages of attachments, 20 causes of action, against 40 defendants)(unpublished).

Furthermore, Paragraphs 95, 97-99, 101, 111-15, 102-10, 162, 167, and 168 may not be stricken as they are relevant to Ms. Young's claims. These paragraphs detail the Defendants' alleged reasons and admissions for the disparate disciple meted out to Ms. Young because of her sex and their

retaliation against Ms. Young. The only reason cited for giving Ms. Young a court martial and the male Defendants—who had previous discipline and/or admitted to lying and/or cheating--was that Ms. Young was "unrepentant." *See id*. Decision makers' reasons to justify disparate treatment given to Ms. Young, resulting in First and Fourteenth Amendment Violations, are highly relevant and probative. While Defendants may be uncomfortable with their own admissions, they cannot avoid answering the relevant allegations by seeking to strike them.

Finally, Defendants are not incapable of answering Ms. Young's amended complaint. See e.g., A*lston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). In *Scipio v. Potter*, 2009 U.S. Dist. LEXIS 74138 (D. N.J. Aug. 19, 2009)(unpublished), the Court noted that "few pleadings -- even those drafted by experienced attorneys -- are models of conciseness." While the 69 page Amended Complaint in *Scipio* was "indeed detailed", it was not beyond comprehension, and would not be dismissed. *Id.* at *2. Similarly, Document 36 is sufficiently comprehensible to meet the minimal requirements of Rule 8(a)(2).

## C. Document 36 Sufficiently Alleges Viable Section 1983 and 1985 Claims

### 1. Plaintiff's Amended Complaint Sufficiently Alleges Due Process Claims and First Amendment Claims and May Not Be Dismissed.

Counts I and II sufficiently alleges Equal Protection and First Amendment claims, including alleging each and every defendant was personally involved in the constitutional wrongdoing, through either personal direction, actual knowledge and acquiescence, or direct discrimination. *Evancho* v. *Fisher,* 423 F.3d 347, 353 (3d Cir. 2005). Moreover, Counts I and II name the individuals responsible, the conduct, the time, and the place of the incidents. *See id*.

In *Keim v. County of Bucks*, 275 F. Supp. 2d 628 (E.D. Pa. 2003). the court found a protected property interest existed where plaintiff (as here) was employed under a collective bargaining agreement that forbid even disciplinary action against him without "just cause." *Id*. at 634. Here, as a union employee, Ms. Young has a legitimate entitlement to continued employment.

Plaintiff also sufficiently alleges that the adverse actions, including a court martial, violated her liberty interest in her reputation and ability to earn a living in her chosen profession without due process. Ms. Young also presents a sufficient liberty interest claim for a "stigma-plus" due process deprivation, by alleging a defamatory impression of her was created during the course of her termination. *Hill v. Borough of Kutztown*, 455 F.3d 225, 238 (E.D. Pa.. 2006). Ms. Young's liberty interest claim survives because

she meets the stigma prong of the test by alleging that defendants criticized her comments and publicly and falsely accused her of lying. She therefore meets the "plus" prong because Defendants' comments came in connection with her termination.

2. **Counts I and II of Plaintiff's Amended Complaint Sufficiently Alleges Section 1983 and 1985 Causes of Action Against Berstler, Getz, and Hinkle.**

The Section 1983 and 1985 claims as against Getz, Berstler, and Hinkle must stand, as Document 36 sufficiently alleges each acted under color of state law. The cases upon which Defendants rely to support their assertion that Getz, Berstler, and Hinkle must be daily supervisors of Plaintiff otherwise they could not act under state law, are mischaracterized. (Doc. 38 at 13). For instance, in *Zelinski*, an unpublished opinion, the Court actually states that the fact that a defendant, who was not a "formal supervisor" at the time, is *not dispositive* of the issue of liability under Section 1983. *Zelinski*, 108 Fed. Appx. 700 (3d Cir. 2004)(relying on *Bonenberger v. Plymouth Twp.,* 132 F.3d 20, 20 (3d Cir. 1997).

Rather the standard for a finding of Section 1983 liability, as articulated in *Bonenberger*, "requires that the defendant ... have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West v. Atkins*, 487

U.S. 42, 49, 101 L. Ed. 2d 40, 108 S. Ct. 2250 (1988)(quotations omitted). *See also Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). Courts have found that "in some instances co-employees may exercise *de facto* control over sexual harassment victims such that they act under color of law." *David v. City of Denver*, 101 F.3d 1344, 1354 (10th Cir. 1996) (section 1983 sexual harassment claim may not be dismissed merely because the defendants are non-supervisory co-workers).

Here, Document 36 sufficiently alleges that Getz, Berstler, and Hinkle acted under color of state law and were clothed in the authority of the state when they violated Ms. Young's First and Fourteenth Amendment Rights as enforced under Sections 1983 and 1985. *See e.g.*, Doc. 36, Paragraphs 14-16, 147-150.[11]

**D. Punitive Damages Are Available under Section 1983 and 1985 and Are Not Alleged for Title VII Violations.**

Document 36 does not claim punitive damages against the PSP for violations of Title VII of the Civil Rights Act. (Doc. 36 at Count III, IV, V, Paragraphs 217 (no reference to punitive damages made), 234 (no reference

---

[11] Recently, Defendant PSP filed a brief in defending a PTSA grievance, discussing its alleged settlement offer "contingent on her dropping her PHRC/EEOC complaints and *future lawsuits*." Defendant PSP admitted that Ms. Young "has since filed a federal lawsuit against most PSP employees involved in her dismissal." This admission is further evidence that Getz, Bertsler, and Hinkle acted under color of state law in regards to Ms. Young.

to punitive damages), 249 (no reference to punitive damages)).  To the extent to which punitive damages are claimed for PHRA violations, Plaintiff agrees to withdraw them.  However, punitive damages are available for Ms. Young's Section 1983 and 1985 claims against the individual defendants as is sufficiently alleged in Counts I and II.  *See e.g.*, *Malone v. Economy Municipal Auth.*, 669 F.Supp.2d 582 (W.D. Pa. 2009).

## V. CONCLUSION

Applying logic and common sense to Document 36, it complies with Rule 8(a), the current state of the law, and this Court's Order.  As such, Plaintiff, Andrea Young, respectfully requests this Court deny the Defendants' Motion to Dismiss/Strike, enforce the Defendants' obligations, require them to file an Answer.

                          Respectfully submitted,
                          ANDREA YOUNG
                          by and through her attorneys,

                          _____/s/_____
                          Lisa Matukaitis, Esq.
                          Atty. ID: 202467
                          lm@matlawllc.com
                          MATUKAITIS LAW LLC
                          211 State Street, Suite 100
                          Harrisburg, PA  17101
                          Ph:  (717) 412-7759
                          Fax: (717) 412-7764

Dated:  February 3, 2011

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Brief in Opposition to Defendants' Motions to Dismiss was served on this 3rd day of February, 2011, via the ECF system upon the following:

*Attorneys for Defendants*

Kenneth L. Joel
Senior Deputy Attorney General
Susan J. Forney
Chief Deputy Attorney General
Office of Attorney General
Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA  17120


                                                                             /s/
                                                Lisa Matukaitis, Esq.